**CAMPBELL et al. v. DEGENTHER.**

Civ. A. No. 7738.

United States District Court
W. D. Pennsylvania.

June 6, 1951.

Judgment for the defendant.

Wesley A. Moffat, Pittsburgh, Pa., for plaintiffs.

Wm. R. Kalson, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This is an action under the Securities Act of 1933, 15 U.S.C.A. § 77a et seq., to recover the consideration paid for undivided interests in oil well drilling operations. Jurisdiction is conferred upon the Court by Section 22(a) of the Act, 15 U.S.C.A. § 77v(a).

Defendant was engaged in the drilling for oil and gas in the State of Michigan. To finance the projects, undivided interests in the leases which he held were sold to various persons, among whom were the plaintiffs.

The business venture was not advertised nor was any other means employed to disseminate the information to the general public. The parties became acquainted through mutual business associates and the investments of the plaintiffs with the defendant produced commercially productive wells in some instances.

The problem here existing arises out of investments made by the plaintiffs with the defendant in the drilling of Howard Well No. 1. There were thirty-two shares sold in said well at a cost of $127.40 per share. Each of the plaintiffs purchased one share or a one thirty-second interest. The well was drilled in as a dry hole.

· Plaintiffs contend that prior to the sale of said interests there was no registration statement in effect nor any prospectus issued as required by Section 5 of the Securities Act. 15 U.S.C.A. § 77(e).

Consequently, plaintiffs by the terms of the Securities Act ask to recover the con-

sideration paid for said security, with interest thereon from April 9, 1948, less the amount of income received thereon, upon tender of such security.

■ The purpose of the Act is to safeguard the investing public from fraudulent devices and tricks in the sale of securities by requiring publication of certain information concerning securities before offered for sale. A. C. Frost & Co. v. Coeur D'Alene Mines Corp., 312 U.S. 38, 43, 61 S.Ct. 414, 85 L.Ed. 500.

Were the transactions conducted between the different parties herein subject to the provisions of the Securities Act of 1933?

Under the subject "Exempted transactions," Section 4 of the Securities Act, 15 U.S.C.A. § 77d, it provides as follows:

"The provisions of section 77e * * * shall not apply to any of the following transactions:

"(1) Transactions by any person other than an issuer, underwriter, or dealer; *transactions by an issuer not involving any public offering; * * *.*"* (Emphasis supplied.)

■ An offering of securities under the Securities Act of 1933 may be a public offering even though confined to stockholders of an offering company. Securities and Exchange Commission v. Sunbeam Gold Mines, 9 Cir., 95 F.2d 699.

■ Undoubtedly, a person claiming to be within terms of the exception provisions has the burden of proof to establish that he belongs to the excepted class. Schlemmer v. Buffalo, Rochester & Pittsburgh Ry. Co., 205 U.S. 1, 27 S.Ct. 407, 51 L.Ed. 681.

■ The principal factors which determine a public offering have been construed to include:

(a) The number of offerees and their relationship to each other and the issuer.

(b) The number of units offered.

(c) The size of the offering.

(d) The manner of the offering. (Ruling of general counsel for Securities and Exchange Commission, January 24, 1935, Release No. 285, Securities Act of 1933.)

■ The interpretation by the Commission as to what constitutes a public offering is entitled to great weight. Charles Hughes & Co., Inc., v. Securities and Exchange Commission, 2 Cir., 139 F.2d 434; United States v. American Trucking Associations, Inc., 310 U.S. 534, 60 S.Ct. 1059, 84 L.Ed. 1345.

■ The defendant has satisfied the required burden of proof to establish himself as exempt from the provisions of the Securities Act of 1933. By reason of the small number of participants in the venture and their familiarity with each other, I cannot translate the security transactions into a public offering.

At most, the transactions herein conducted were a close-knit arrangement among friends and acquaintances on a purely personal basis, without any systematic scheme or promotion program for sale of said securities to the general public or any select group sufficient in size to fall within the province of a public offering.

Judgment is entered for the defendant.

### Findings of Fact

1. Defendant, Peter K. Degenther, has been engaged in the leasing of land in the State of Michigan for oil and gas drilling and production purposes for a number of years; has drilled many oil and gas wells on lands so leased; and is thoroughly familiar with the business of drilling for and producing oil in that State and elsewhere. In furtherance of his leasing and drilling activities, other persons have invested money with him in the development of oil and gas leases negotiated by defendant.

2. Sometime before September 1, 1947 defendant met the plaintiffs and several other persons through introductions by Wesley A. Moffat, a member of the Bar of Allegheny County, Pennsylvania. Mr. Moffat had been associated with defendant in the oil and gas business in the State of Michigan for sometime prior to 1947 and knew defendant well. At the times of said introductions he recommended defendant to the plaintiffs. Solely as a result of said introductions, the plaintiffs, pursuant

to an agreement dated September 4, 1947 entered into by them and certain other persons with defendant, invested certain sums of money with defendant in a joint venture for the drilling of oil and gas wells in certain lands in Michigan. The parties to said agreement knew the nature of the enterprise, knew the men with whom they were dealing and knew each other. The defendant did not advertise his drilling project in any newspaper or circular, nor did he use any other means whereby the information regarding the offering would get into the hands of the general public.

3. The lands consisted of 640 acres, more or less, in Salem Township, Allegan County, Michigan, hereinafter referred to as the Salem block. Under the terms of the said agreement entered into between the plaintiffs and defendant, each plaintiff purchased a one thirty-second working interest in the first well, called the Whipple Well. The participation by plaintiffs in the said Whipple Well gave them the right to participate, according to their working interests, in future drilling on the Salem block.

4. After drilling several wells in said Salem block, some of which were commercial producers, defendant on March 19, 1948 wrote each of the plaintiffs that he had taken out a permit to drill another well known as Howard Well No. 1 in said Salem block, more specifically located in Section 13, T4N, R13W and asked them to indicate their acceptance or refusal to participate in the drilling of this Howard Well No. 1.

5. Both plaintiffs, in writing, agreed to participate as interest holders in the cost of drilling the said Howard Well No. 1 and in the early part of April 1948 each plaintiff sent the defendant a check in the sum of $127.74 to cover his proportionate share of the estimated drilling cost of the said Howard Well No. 1. The total offering amounted to thirty-two times $127.40 or $4,076.80. This amount is so small that it obviously could not be construed to be the occasion for a public offering.

6. The said Howard Well No. 1 was drilled in as a dry hole, and the plaintiffs were promptly notified of that fact.

7. Subsequent to the drilling of the Howard Well No. 1, plaintiffs participated in the drilling of other wells on the said Salem block, making a total of nine wells in which plaintiffs participated. Of the said wells, five were commercial producers and four were dry holes. In addition thereto, defendant sold a lease for part of the acreage covered by the original leases for the sum of $5,000.00, plus a one-eighth over-riding interest. Each of the plaintiffs, as well as the other participants, received his proportionate share in the $5,000.00.

8. On or about March 23, 1949 the plaintiffs executed reassignments of their working interests in the Howard Well No. 1 and sent them to the defendant with a demand for the return of the monies advanced as aforesaid by them as their respective shares of the drilling costs of the said well.

9. Plaintiffs did not tender to defendant reassignments of their interests in the producing wells nor did they tender to defendant the income which had been received by plaintiffs or which was payable to them as a result of the earnings of the producing commercial wells.

10. All the participants in Howard Well No. 1, including the plaintiffs, were persons entitled to participate therein by reason of their joinder in the original agreement of September 4, 1947.

Conclusions of Law

1. The offering made by the defendant to plaintiffs to invest in said Howard Well No. 1 was not in violation of the Securities Act of 1933 because it was not a public offering.

2. The offering was limited entirely to those who had participated with defendant in the drilling of previous wells on the Salem block.

3. Plaintiffs are attempting to retain their interests in producing wells and to demand the return of monies invested in a well which turned out to be dry.

4. Each of the plaintiffs is not entitled to recover the amount paid for his undivided one thirty-second interest in Howard Well No. 1.

5. Judgment should be entered for the defendant together with costs.

An appropriate Order is entered.